## James M. Boone v. Lucinda Thompson and another.

Where the plaintiff sued the representatives of a deceased attorney, to recover the value of a note given the deceased for collection, it was held that there was no error in permitting a witness for the defendants to testify, that he purchased the note from the deceased for twenty dollars; that the deceased stated to witness at one interview, that he had full authority from the plaintiff to make any disposition of the note he thought fit, but that the offer of witness was at a discount, &c.; that he preferred seeing plaintiff and explaining the true condition of the estate of the maker of the note(then deceased) before he would make the trade ; that afterwards deceased informed witness that he had seen the plaintiff, and that plaintiff authorized him to make the trade at

the offer of witness, which was accordingly done. But see the facts of the case, &c.

Where it was assigned for error that the Court erred in permitting parol evidence to show the insolvency of an estate which was opened in Brazos county, (the trial being in Robertson,) this Court said, The record does not show where the estate was opened, or whether it was ever opened. The evidence, as offered, we believe to have been competent. The plaintiff (appellant) had examined his witnesses, as to the condition of the said estate, and cannot object to answers to like inquiries, from witnesses on behalf of defendants.

It has been frequently ruled, that the giving of an instruction to the jury, without first reducing it to writing, is not ground for reversal of the judgment.

Appeal from Robertson. Tried below before the Hon. R. E. B. Baylor.

*Barziza* and *Jennings & Moore*, for appellant.

HEMPHILL, CH. J. A note given by one Vess to J. C. Spence, promising to pay twenty cows and calves, was transferred to the plaintiff, James M. Boone, who first placed it in the hands of Harvey Mitchell, and afterwards in May, 1847, in the hands of J. L. McMurray, an attorney at Law, for collection. McMurray died in 1850. His widow Lucinda became his executrix, and was sued as such for the amount of the note. She subsequently intermarried with E. W. Thompson, who became a party to the suit.

The plaintiff, at the trial, produced the receipt of McMurray, and proved that it had been presented to the executrix. J. C. Spence, a witness on behalf of plaintiff, stated that he had received ten dollars from McMurray, and paid the same to plaintiff; that plaintiff expressed dissatisfaction, but did not say whether McMurray had sold the note for too little, or whether he had charged too much for his services as attorney; but he received the sum, as left by McMurray, who had informed witness that he had received twenty dollars on the note, ten of which he retained as his fee. Witness also testi-

fied that he owed one hundred dollars to the estate of Vess, and he supposed if he had been garnisheed, the money might have been collected in the first twelve months. The defendant offered the deposition of Harvey Mitchell, who testified, in substance, that the estate of Vess was totally insolvent and would forever be, so far as was known to witness; that the estate was in debt eight hundred or one thousand dollars in par funds; and that it owned county liabilities, worth at that time (the time of the sale of the note,) from ten to fifteen cents on the dollar. In answer to the fourth interrogatory, he stated that when McMurray (who, as the petition shows, was empowered to obtain the note from Mitchell,) mentioned the subject to the witness, he (McMurray) represented himself as the agent and attorney of the plaintiff, and after fully investigating the condition of Vess' estate, the witness proposed to purchase the note for fifteen or twenty dollars; McMurray stated that he had full authority from Boone to make any disposition of the note he thought fit, but that the offer of witness was at a discount, &c.; that he preferred seeing Boone and explaining the true condition of Vess' estate, before he would make the trade. This passed in Boonville. The witness afterwards saw McMurray, who informed him that he had seen Mr. Boone, that he authorized him to make the trade at the offer of witness, which was accordingly done. In answer to a cross-interrogatory, he stated that he knew no other object in the sale of the note except to secure the value to the plaintiff.

The plaintiff requested the Court to give nine different instructions to the jury, charging the law strongly for him, all of which, with one exception, were given. The defendant asked no written instructions; the Court, with consent of defendant, charging the jury orally; to which the plaintiff excepted.

The jury found for the defendants, and motion for new trial being refused, the plaintiff appealed, and assigns various errors, viz: 1st. That the Court permitted the declarations of

the defendant's testator (McMurray) to go to the jury as evidence.

This assignment refers to the evidence of Mitchell, in answer to the fourth interrogatory inquiring whether the witness knew of the consent and knowledge of the plaintiff respecting the sale of the note ; whether McMurray did not refuse on one occasion to sell, when the witness offered to buy the note, and requesting a statement from the witness of all that took place at the time. The answer of the witness has been previously recited, and the substance of the objection to the testimony is, that the declarations of McMurray are virtually those of a party to the suit, he being defendant's testator, and that they are making evidence for himself, and as such are inadmissible.

The declarations of McMurray to the witness represented that he was the agent and attorney of the plaintiff. There can be no objection to this statement, as it accords with the charges of the plaintiff's petition. The objection must lie to the representation of his having authority to dispose of the note on Vess as he thought fit ; his refusal to sell without first consulting the plaintiff, and his statement at a subsequent date that he then had full authority to make the trade as proposed. Had this been a suit against Mitchell for damages for conversion of the note, the representations of McMurray as agent of plaintiff, would have been admissible and binding upon the latter. And although in a suit by principal against the agent, they may not be admissible as proof of his authority, yet the defendant might well claim that the fact of sale with all its circumstances, should be given in evidence to the jury. The declarations of McMurray are but a part of the transaction, a part of the *res gestae*, and as such may be admitted. The witness relied on the representations of McMurray that he was the agent and attorney of the plaintiff. The truth of this representation is not denied by plaintiff, but it is affirmed as a fact and charged as the foundation of this action. The

witness also relied upon the representations of authority in McMurray to sell. The insolvency of the estate of Vess, Mc-Murray's refusal to sell until further consultation (as said by him) with his client, and the circumstances, showed that the witness had good grounds for his reliance ; and though Mc-Murray could not claim that his own representations should establish the fact of his authority, yet the defendant is entitled to show the fact of sale, and to claim that its circumstances should have some weight with the jury, especially in a case where the agent is dead and there has been such great delay in the prosecution of the claim, that the difficulty of procuring evidence to explain the true state of facts has been greatly enhanced, and perhaps, by the laches of the plaintiff, become impossible.

Again, it is to be observed that before the deposition of Mitchell was introduced, Spence, a witness for plaintiff, had testified substantially that McMurray informed him he had received twenty dollars on the note ; that he had retained ten for his services, paying the other ten to the witness ; and when the latter paid this ten over to the plaintiff, he expressed dis-satisfaction, but did not say whether McMurray had sold the note for too little or charged too much for his services. · But the plaintiff received the ten dollars which were left for him. The conclusion from this evidence is, that the plaintiff did au-thorize McMurray to sell the note, and if dissatisfied with the sale, (and he did not say that he was,) it was because so small an amount was realized. After this evidence, showing a sub-stantial ratification by the plaintiff of the act of the agent, it would have been nugatory to have rejected the testimony of Mitchell, offered by defendant, if even offered as proof of the agent's authority ; and especially would it have been futile, if nothing more was claimed from the evidence, than as a state-ment of the circumstances attending the transaction of the sale. There was no error in overruling this objection to the testimony.

The second assignment is, that the Court erred in permitting parol evidence to show the insolvency of an estate which was opened and closed in Brazos county.

The record does not show where the estate of Vess was opened, or whether it was ever opened. The evidence, as offered, we believe to have been competent. The plaintiff had examined his witnesses, as to the condition of the Vess estate, and cannot object to answers to like inquiries from witnesses on behalf of defendants.

The third assignment is, that the Court erred in its charge to the jury. All the charges which appear in the transcript were given for and at the request of the plaintiff; and if there be error, as it operates in his favor, he cannot complain.

The Court erred in giving a parol charge to the jury.

This, as has been frequently ruled, is no ground for the reversal of the judgment. We believe the judgment to have been sustained by the evidence, and it is ordered that the same be affirmed.

Judgment affirmed.