CITY OF HOUSTON v. JULIA BARTELS.

Decided June 29, 1904.

**1.—Conveyance for Street Purposes—Lowering Grade—Damage to Property—City's Liability.**

The fact that plaintiff deeded land to a city for street purposes is no bar to an action for damages to her property by the lowering of the grade of the street to the level of a bridge erected across a bayou so that no approach to the property could be constructed, where she did not know, when she deeded the property, of the city's intention to grade, and such grading was not necessary but was done as a matter of economy and could have been avoided by building a higher and longer bridge.

**2.—Street Improvement—Damage to Property—Release of Liability.**

The Legislature has no power to release a city from liability for damage to property caused by grading the streets.

**3.—Street Improvement—Damage to Property—Offset.**

Advantages accruing to a property owner, in common with others, from street improvements can not be offset against damages to the property of such owner.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*T. H. Stone* and *E. P. Phelps*, for appellant.

*W. C. Oliver* and *Ira P. Jones*, for appellee.

GILL, ASSOCIATE JUSTICE.—Mrs. Julia Bartels was the owner of about fifteen acres of land situated in the corporate limits of the city of Houston between De Pelchin Street and White Oak Bayou. In 1893 this and other adjacent property was voluntarily laid out in lots and blocks with spaces left for streets which were thus dedicated to the city as such. The dedication was not, however, accepted either by the city or the public by use or otherwise. On March 21, 1900, she executed a deed to the city of Houston whereby in consideration of $1000 cash she conveyed to the city for street purposes a strip of land through her property eighty feet wide and extending from De Pelchin Street to the south bank of White Oak Bayou. The purpose of the city in acquiring this property was to extend Houston Avenue north to White Oak Bayou, and across the bayou by a bridge thereafter to be constructed. Plaintiff knew of the purpose to extend the avenue and construct the bridge, but not of the intention to lower the grade of the street to the detriment of her property.

After the execution of this deed plaintiff moved her houses from the land thus conveyed over to the margin of the proposed street. The city then proceeded to build a bridge over White Oak Bayou at such a height as rendered it necessary to excavate Houston Avenue through plaintiff's property to such a depth as to render it impossible to construct approaches to her property from the street side, whereby the value of her property was lessened. The construction of the bridge at that height and the consequent lowering of the grade of the street was a sound

engineering proposition and the plans were made and the work done with proper care and skill. Plaintiff's property was not injured any more than was necessary in conducting the work according to the plans adopted. In determining the height and length of the bridge, however, the engineers were controlled by the question of expense to the city, a bridge high enough to have avoided the necessity for the excavation being much longer and much more expensive.

Plaintiff brought this suit to recover of the city the damages thus sustained to her property. The city defended on the grounds: (1) That for any claim for damages resulting from a change in the street proper to be made and done with reasonable skill and care her deed was a bar. (2) That she knew when she made the deed that the work would be done. (3) That the city under its charter powers had the right to make the improvement without liability to adjacent property owners if the work was done with reasonable care and skill. A trial by jury resulted in a verdict and judgment for plaintiff, and defendant has appealed.

In support of the first defense appellant advances the proposition that where a landowner deeds to a city land for street purposes it is conclusively presumed that she assented to bear all loss and take all profit which might incidentally result to the residue of her property from the location and construction of the street in a proper manner, that is, an ordinarily careful and skillful construction.

This is undoubtedly the rule as applied to the construction of railways over lands acquired for right of way by deeds from the owners. But even if it be conceded that it applies to the sale of property for street purposes, it does not follow that the doctrine should control this case.

On the former appeal of this case it was held by the Court of Civil Appeals at San Antonio (74 S. W. Rep., 328) that the facts showed beyond dispute that the possible injury to the remainder of plaintiff's property was not taken into consideration in planning the improvement, and we think the observation is equally true of this record.

When plaintiff deeded the property to the city it does not appear that she had any reason to apprehend that the city would so plan the improvements as to sacrifice her property on the altar of municipal economy. She has as much interest in the street as those not connected with its dedication. A street is supposed to be constructed with reference to the welfare and convenience of those who live along it and have the right to its use. We can perceive no distinction between this case and the case which would have been presented had the city first established the street according to the natural lay of the land, and afterwards, in an effort to conform it to the grade of proposed new improvements, had cut it down to the injury of owners of property abutting on the street. In either case it would amount to the imposing on private owners of a burden which properly should be borne by the entire body corporate. To justify the city's act on the ground of economy would be to appropriate private property to public use without due compensation.

On the authority of the case cited we overrule the assignments addressed to this phase of the case.

The second defense is disposed of by the fact that it is not made to appear that plaintiff knew of the plan of the proposed improvement at the time of the execution of the deed.

The third defense mentioned above is not maintainable upon any ground. The Legislature has not the power to clothe a city with authority to appropriate private property for public use without compensation, either directly or indirectly.

We shall not discuss in detail the assignments addressed to the admission or exclusion of evidence or the charge of the court. Such errors as were committed in the admission or exclusion of evidence are inmaterial in the light of the undisputed facts, and those bearing upon the measure of damage are harmless.

It is well settled that such advantages as accrued to plaintiff's property in common with other property by virtue of the improvement can not be offset against the damage complained of, and it is not shown that her property received any especial advantage therefrom. On the other hand, it appears that by reason of the character of the improvements her property was practically cut off from the street by the steep banks caused by the excavation.

The charge of the court fairly presented the material issues. For the reasons given the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

GILL, Associate Justice.—We do not desire to add anything to what has been said in disposing of this appeal. We are still of opinion that no material error was committed upon the trial.

In response, however, to the suggestion of appellants we make a correction which seems to be regarded as important. We stated in the main opinion that appellee deeded to the city the land in question in consideration of $1000 cash. The fact is that there were additional considerations of remission of interest on delinquent taxes and unpaid taxes due on the land conveyed, and the city also relinquished to plaintiff a strip on the west of the tract, formerly used as a street. The land was conveyed to the city for street purposes and to be used as an approach to the bridge. The terms of the contract are disclosed by the deed which is in the record and about which there is no dispute.

These additional facts do not in our opinion affect the correctness of our former conclusion. The motion is overruled.

*Overruled.*

Filed October 22, 1904.

Writ of error refused.