HOME BENEFIT ASS'N et al. v. HORNE.
(No. 458.) *

(Court of Civil Appeals of Texas. Waco. Dec. 23, 1926. Rehearing Denied Jan. 27, 1927.)

1. Evidence ⊚⇒155(11)—Evidence by plaintiff, suing for loss of eye, as to medical examinations, held proper, where defendants introduced similar testimony.

In action on accident policy for loss of eye, evidence by plaintiff that he was examined and accepted by government and railroad doctors as indicating freedom from syphilis, claimed by defendant to have caused loss of eye, *held* properly admitted, where defendants had themselves developed same character of testimony.

2. Evidence ⊚⇒116—Plaintiff held properly permitted to explain intentions in writing letter after injuries, where defendants went into reasons for writing letter.

In action on accident policy for loss of eye, where defendants had gone fully into conditions and reasons for plaintiff's writing letter after injury, it was not error to permit plaintiff to explain intentions with reference to letter.

3. Appeal and error ⊚⇒1050(1)—Evidence ⊚⇒ 127(3)—Evidence that plaintiff told witnesses how he was injured held admissible, but, if error, was harmless, in view of similar testimony by defendant's witnesses.

In action on accident policy for loss of eye, evidence by witnesses that plaintiff told them how he was injured, without stating what he said, was admissible, but, if error, was harmless, where defendant's witnesses testified without objection that plaintiff had told them how he was injured.

4. Trial ⊚⇒121(2)—Argument that plaintiff, suing for injury claimed by defendant to have been caused by syphilis, had been charged with infamous disease, held not reversible error.

In action on accident policy for loss of eye, claimed by defendant to have been caused by syphilis, argument of plaintiff's counsel, in reply to defendant's counsel, that plaintiff had been charged with an infamous disease calculated in most families to cause unhappiness, was not reversible error.

5. Trial ⊚⇒129—Reply argument of counsel for plaintiff, suing on policy, reflecting on methods of insurer's general manager, held not reversible error.

In action on accident policy for loss of eye, argument of plaintiff's counsel as to business methods of insurance company's general manager, based on facts brought out and in reply to argument of defendant's counsel, *held* not reversible error.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by George H. Horne against the Home Benefit Association and others. Judgment for plaintiff, and defendants appeal. Affirmed.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 16, 1927.

Taylor & Atkinson, of Waco, and Frank Oltorf, of Marlin, for appellants.

Jas. P. Alexander and Harry Jones, both of Waco, for appellee.

BARCUS, J. This suit was instituted by appellee on two policies of insurance which had been issued to him by appellant Home Benefit Association, and which provided for the payment of not exceeding $750 on each policy for the loss of an eye through accident. There is no controversy about the policies having been issued, nor about appellee having lost the sight of one eye, nor of the company's liability for the total amount of the insurance, if it is liable for any part thereof. Appellee alleged, and the jury found, that he lost his eye by reason of an injury which was caused by a scantling having hit him in the eye. Appellants' contention, both by their pleadings and evidence, was that the loss of the eye was occasioned, not by any injury, but because of a disease which they claimed appellee was suffering with prior to the issuance of the policies, and with which he had been afflicted for a long number of years, to wit, syphilis.

[1] Appellants complain of the action of the trial court in permitting appellee to testify that, between the years 1916 and the time of the injury in 1925, the dates not being fixed, he was examined by government physicians for service in the United States army, and was thereafter accepted, and that he was examined by railroad doctors when he made application for service with two different railroads, and after the examination he was given employment by the railroad companies. He did not attempt to state what the doctors told him. The testimony with reference to the examination by the government doctors was admitted on direct examination without any objection. On cross-examination, appellants had shown by appellee that in 1916 he was examined by a doctor in Fort Worth, and they attempted to show by appellee that said doctor informed him that he was suffering with said disease. They had also shown that he had on several different occasions after 1916 been examined by other doctors and attempted to show that each of them had pronounced him suffering with the same disease. On redirect examination he was permitted to testify to the above facts over appellants' objection that same was irrelevant, immaterial, and hearsay. We do not think the court committed any error in admitting the testimony. It was the same character of testimony that appellants had developed.

[2] Appellants complain of the action of the trial court in permitting appellee to explain a letter which he had written to one of his fellow workmen after the time he claims to have been injured. Appellants had gone fully into the conditions and reasons for his writing the letter, and had asked him if he was not attempting in said letter to bribe the witnesses. Since appellants had gone into the entire matter, it was not error to permit appellee to explain his intentions with reference thereto. Crespi v. City of Waco (Tex. Civ. App.) 277 S. W. 400.

[3] Appellants complain of the action of the trial court in permitting the people with whom appellee boarded and his employer to testify that on the night after the injury occurred, about 5 o'clock in the afternoon, and early the following morning, he told them about the injury and how it occurred. The record shows that when appellee went to his boarding house his eye was inflamed, and that he was suffering great pain, and he had same bandaged, and about 8 o'clock that night he called the doctor, who came and dressed the eye. The witnesses simply stated that appellee told them how he was injured, without attempting to tell the jury what he said. We think this testimony was admissible, and, if error, was harmless, since all of appellants' witnesses, both the doctors and the officers of the insurance company, testified without objection that appellee had told each of them that his eye had been injured by his being struck with a scantling.

[4] Appellants complain of the following argument of counsel in his closing speech to the jury:

"I feel doubly responsible in this case, not only because of the amount involved that this man is suing for and which he needs, but I feel responsible because, he charged this man with having an infamous disease, calculated in most families to cause unhappiness."

The record shows that this argument was made by appellee's counsel in reply to the argument that had been made by counsel for appellants. The record further shows that the only defense made by appellants to the claim was that appellee had suffered the loss of his eye by reason of the disease, and of course the jury knew it was an infamous disease.

[5] Appellants further objected to the following argument of counsel in his closing speech:

"There may be 1,800 people in class F that you are in, and a man dies and they make an assessment of 60 cents a member for 1,800 members, and then they send that man out $1,500 and I mean they collect $1.10 from each member of 1,800 members and they send him $1,500. What becomes of the rest? 'Oh,' Mr. Hunt says, 'Sometimes I will skip one when they die.' Who checks him up? Who is going down there and look after that? Where does the rest of that money go? Where is Mr. Hunt bothered—and then he gets his 10 cents."

The record shows that Mr. Hunt was the man in entire charge of the company, and reaped all the benefit derived from its operation, and he testified to the facts stated in the above argument. The record shows that all the counsel, both for appellants and ap-

pellee, had discussed Mr. Hunt's honesty, and that appellee's counsel was replying to argument of counsel for appellants. We do not see from the record how that question could or did in any way affect the result. Mr. Hunt did not claim to know anything about the injury or disease. We have examined the record carefully, and do not think that the argument shows any reversible error.

We have examined all of appellants' assignments of error, and same are overruled.

The judgment of the trial court is affirmed.