**TEXAS & N. O. RY. CO. v. OWENS et al.
(No. 581.)**

Court of Civil Appeals of Texas. Waco.
Nov. 3, 1927.

1. **Carriers** ⬉287(1)—**Carrier owes intended passengers at depot, purchasing tickets and boarding trains, same high degree of care as after boarding.**

Common carrier owes persons on its' depot grounds for purpose of becoming passengers and persons purchasing tickets and attempting to board trains the same high degree of care owed them after actually getting aboard train.

2. **Trial** ⬉260(10)—**Refusal of instruction that plaintiff could recover no damages, in absence of proper medical attention after injury, held not error, in view of instruction given.**

In action for damages by injuries to passenger in boarding train, refusal of instruction that plaintiff could not recover for any damages caused by injury, if she did not 'receive proper medical attention thereafter, *held* not error, in view of instruction to exclude all damages resulting from lack of proper medical treatment or other cause than defendant's negligence.

3. **Damages** ⬉34—**Negligence** ⬉79—**Lack of proper medical treatment would not relieve defendant of liability for negligence, but court should instruct jury not to consider increased damages therefrom.**

That plaintiff did not receive proper medical treatment after injury would not of itself relieve defendant of liability for damages caused by its negligence, but court should instruct jury not to consider increased suffering or damages caused by plaintiff's negligence in not taking proper care of himself after injury.

4. **Trial** ⬉352(5)—**Refusal to submit separately issues of contributory negligence in boarding train without assistance or call for help held erroneous.**

In action for injuries to woman in boarding train with two small children and heavy grip, refusal to submit separately issues of plaintiff's contributory negligence in attempting to board train without assistance and failing to call for help *held* erroneous.

5. **Trial** ⬉352(5)—**Separate issues of contributory negligence should be submitted to jury separately.**

Each separate issue of contributory negligence raised by pleadings and evidence, as well as each affirmative act of negligence charged against defendant, should be submitted to jury separately.

6. **Trial** ⬉215—**General or special charges in connection with special issues are improper, except to give necessary explanations and definitions of legal terms (Rev. St. 1925, arts. 2189, 2190).**

Under Rev. St. 1925, arts. 2189, 2190, court should not submit either general or special charges in connection with special issues, except for purpose of giving jury such explanations and definitions of legal terms used as are necessary to enable it to understand such terms.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by Mrs. Bessie Owens and husband against the Texas & New Orleans Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, J. S. Terry, of Terrell, and E. A. Landman, of Athens, for appellant.

Chas. Ashworth, of Kaufman, for appellees.

BARCUS, J. Appellees filed this suit against appellant for damages which Mrs. Owens claimed to have suffered by reason of alleged injuries she sustained on account of the negligence of the servants of appellant in failing to assist her on the train at Kaufman. It appears that Mrs. Owens, with her two children, 1 and 3 years of age, purchased a ticket at Kaufman, and then with said children and her grip, weighing about 25 pounds, boarded the passenger train passing through Kaufman about 10 o'clock at night. She alleged that the appellant was negligent in failing to have some one at the entrance of the train to assist her with her children and baggage to get aboard the train, and that appellant's agents saw her condition and need and were negligent in failing to assist her, and that appellant was negligent in having the step from the platform so high that she could not safely step same with her baby and baggage, and that each of said acts of negligence caused her injuries. She alleged that in getting aboard the train without the assistance of the agents of appellant, she strained herself, which caused her internal and permanent injuries from which she was suffering. Appellant answered by general demurrer, general denial, and specially pleaded that Mrs. Owens was guilty of contributory negligence in that she attempted to board the train without asking the servants of appellant to assist her; and further, that she was guilty of contributory negligence in trying to get aboard the train with her children and baggage at the time and under the conditions as they did exist; and further, that her injuries had been caused largely by her failure to receive prompt medical treatment. The cause was tried to a jury, submitted on special issues, and resulted in a judgment being rendered for appellees for $1,500.

[1] Appellant complains of the action of the trial court in charging the jury that appellant was required to exercise that high degree of care and caution for the safety of the plaintiff which a very cautious and prudent person would have exercised for her safety under the same or similar circumstances; appellant's contention being that Mrs. Owens did not become a passenger until she was actually on the train, and that until said time the only duty it owed to her was that of ordinary care. We overrule this contention. The

law in Texas seems to be well settled that a common carrier owes to persons, who go upon their depot grounds for the purpose of becoming passengers, and to persons who have purchased tickets and are attempting to board trains, the same high degree of care which they owe them after they actually get aboard the train. 10 C. J. 924; Wisdom v. C., R. I. & G. Ry. Co. (Tex. Com. App.) 231 S. W. 344; Texas & Pacific Ry. Co. v. Whittington (Tex. Civ. App.) 292 S. W. 966 (error dismissed); San Antonio & A. P. Ry. Co. v. Turney, 33 Tex. Civ. App. 626, 78 S. W. 256 (error refused); Texas Midland Ry. Co. v. Dean, 98 Tex. 517, 85 S. W. 1135, 70 L. R. A. 943; Missouri Pac. Ry. Co. v. Wortham, 73 Tex. 25, 10 S. W. 741, 3 L. R. A. 368; Texas Central Ry. Co. v. Cameron (Tex. Civ. App.) 149 S. W. 709 (error refused).

[2, 3] Appellant further complains of the action of the trial court in refusing to instruct the jury that, if they found as a matter of fact that Mrs. Owens did not receive the proper medical attention after the alleged injury, she could not recover for any damages that may have been caused by the injury which she did receive. We overrule these assignments. It appears from the record that when Mrs. Owens reached home a few hours after she claims she was injured, that she was suffering and went to bed, where she was confined for some weeks, but did not consult any physician, and the jury found as a matter of fact that she did not have proper medical treatment. The trial court in its charge instructed the jury that in assessing her damages, if any, they should exclude all damages for injuries or suffering or diminished capacity to labor that resulted from the lack of proper medical treatment after the alleged injuries, and that they could not allow her any damages for any cause other than the negligence of the defendant company, its agents and servants, at the time in question. We think said charge fully protected appellant's rights with reference to said matter. The fact that appellee did not receive proper medical treatment would not of itself relieve appellant of liability for damages which it had caused by its negligence. Where the issue of increased damages is raised by reason of the negligence of the injured party in not taking proper care of himself after injury, the rule seems to be that the court should instruct the jury that they cannot take into consideration the increased suffering or damages occasioned by said negligence. Trinity & S. Ry. Co. v. O'Brien, 18 Tex. Civ. App. 690, 46 S. W. 389; West Lumber Co. v. Keen (Tex. Civ. App.) 221 S. W. 625; Id. (Tex. Com. App.) 237 S. W. 236; Texas & Pacific Ry. Co. v. McKenzie, 30 Tex. Civ. App. 293, 70 S. W. 237; Houston & T. C. Ry. Co. v. Gerald, 60 Tex. Civ. App. 151, 128 S. W. 166 (error refused); Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Tex. 73, 8 S. W. 66.

[4] Appellant alleged that appellee Mrs. Owens was guilty of contributory negligence in attempting to board the train without calling for help, and that she was guilty of contributory negligence by having attempted to board the train under the existing conditions. Mrs. Owens testified that when the train stopped at Kaufman she went from the depot to get aboard the train with her 1 year old baby in her arms and leading the 3 year old child and carrying her grip, weighing from 25 to 30 pounds; that she waited at the entrance of the coach for 2 or 3 minutes for some one to come and assist her on the train; that as she went to the train she met the conductor going into the depot, and that the porter was standing on the depot platform about 18 feet from her, and that neither he nor any one else came to help her on; that she could have, but did not, ask the porter to assist her in getting on the train; that as the conductor came out of the depot he hollered "All aboard"; and that she then became afraid she would be left and took the children and got on the train with her baggage. She testified that the step was too high; that it was about 2 feet from the step or box which the porter had placed at the entrance of the coach up to the step of the car; that if it had not been so far she could have gotten on all right; that in getting on the train under said conditions she received the internal injuries about which complaint is made. The negro porter testified that it was his duty to and that he always assisted a lady on the train if she requested it. The evidence shows that no claim was filed with appellant for the injury for about a year after the accident occurred. The porter and conductor each testified that they had no recollection of Mrs. Owens or any other passenger having gotten on the train on the night in question at Kaufman, and did not remember anything about the incident. The trial court submitted the defense of contributory negligence to the jury by question No. 5, as follows:

"In boarding the train of the defendant at the time in question, if she did, did the plaintiff Mrs. Owens exercise such ordinary care as would be used by an ordinarily prudent person under the circumstances in this case to avoid injury?

"In connection with the foregoing question No. 5, you are instructed that if you believe from the evidence that Mrs. Owens, in going to and boarding defendant's train, failed to call for aid to assist her, and you further believe that such failure was negligence on her part, and that an ordinarily prudent person would not have acted under the circumstances in boarding the train, and you further believe that such failure to call for aid or act as an ordinarily prudent person would have done or acted was negligence on her part, then you will answer question No. 5 'No.' Otherwise, you will answer question No. 5 'Yes.'"

[5] Appellant objected to said issue as submitted and the explanation in connection therewith, because it did not separate the acts of contributory negligence as pleaded by

it, and because the explanation instructed the jury what would or would not constitute contributory negligence; and further, because in order for the jury to answer said question "No," it was required to find that Mrs. Owens failed to call for aid, and that such failure was negligence, and it must also find that an ordinarily prudent person would not have acted as she did in trying to get aboard the train under the existing circumstances without calling for aid, and that same was also negligence. In connection with the objections made, appellant tendered to the court issues submitting separately as an act of negligence appellee's attempting to board the train under the existing conditions without any assistance, and also the question as to whether she was negligent to failing to call for help under the existing circumstances, and whether said acts, or either of them, was the proximate cause of the injury, if any. The court refused to submit the issues separately and overruled appellant's objections to the main charge, and appellant assigns error. We sustain these assignments. The courts have uniformly held that each separate issue of contributory negligence raised by the pleadings and evidence should be submitted to the jury for its determination separately by the court, the same as each affirmative act of negligence charged against the defendant. St. L. S. W. Ry. Co. v. Osborne (Tex. Civ. App.) 270 S. W. 922, and authorities there cited.

[6] Appellant complained and objected to that portion of the court's charge in connection with special issue No. 2, as well as special issue No. 5, which, in effect, as it contends, told the jury what would and what would not constitute negligence. Under the present statutes (articles 2189 and 2190) the trial court, when requested, is required to submit a case to the jury on special issues and said statutes provide, in substance, that only the issues raised by the pleadings and evidence shall be submitted to the jury, and that each separate issue raised either as an affirmative or defensive matter shall be presented separately, and that the court shall only submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. In West Lumber Co. v. Keen, 237 S. W. 236, the Supreme Court, speaking through the Commission of Appeals, quoted the following with approval:

"The rule with reference to submitting charges in connection with special issues * * * is in substance that the court should not submit charges, either general or special, in connection with the special issues, except for the purpose of giving the jury explanations and definitions of legal terms used, and which are necessary to enable the jury to understand the meaning of such terms. * * * General charges of a kind not specified by the statute,

submitted in connection with special issues, tend to confuse the jury, and should not be given."

We think the above case and the authorities there cited clearly and distinctly lay down the rule which should govern the trial courts in the submission of causes to a jury on special issues.

For the error indicated, the judgment of the trial court is reversed and the cause remanded.