## DIADONE v. HOUSTON BELT & TERMINAL RY. CO. et al.
### No. 7418.

Court of Civil Appeals of Texas. Austin.
March 5, 1930.

Rehearing Denied March 26, 1930.

Campbell, Myer & Foster, of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, W. L. Cook, James E. Kilday, and W. M. Streetman, all of Houston, for appellee Railway Company.

Sam Neathery, of Houston, for appellee City.

BAUGH, J.

Appellant owned a corner lot in the city of Houston, fronting 50 feet on Dallas avenue and 100 feet on Velasco street. When he purchased it in July, 1921, Velasco street was traversed by the tracks of the International & Great Northern Ry. Company, laid on a dump in the middle of the street about 3 feet above the level of appellant's lot. The building upon the premises was occupied and used by him and his family as a combined residence and store with his principal ingress and egress on Dallas avenue. In June, 1927, with the authority, consent, and approval of the city of Houston duly given, the Houston Belt & Terminal Railway Company constructed its track along Dallas avenue and across Velasco street, beginning its grade back 150 feet from their intersection and raising same

to the level of the International & Great Northern track at the crossing. The Houston Belt & Terminal track was laid in a concrete base about 9 feet wide down the center of Dallas avenue at an elevation of about 2 to 3 feet above the level of the appellant's lot.

Appellant sued both the Houston Belt & Terminal Railway Company and the city of Houston, alleging damages to his property because of said construction and damages to his business because of cutting off the ingress and egress to his lot. In addition to cutting off his outlet, he alleged that the construction in effect placed his lot in a hole some 3 feet or more below the level of the streets on each side with resulting damage to his property.

The case was submitted to a jury on special issues, Nos. 1 and 2 of which were as follows:

"1. Was the land and improvements of plaintiff, as described in his petition, damaged by reason of the acts of the defendants in the laying out and constructing and maintaining of the railroad track, as alleged in plaintiff's petition?" To which the jury answered, "It was not."

"2. Was the plaintiff's business damaged by reason of the acts of the defendants in the laying out and construction and maintenance of the railroad track, as alleged in his petition?" To which the jury also answered, "It was not."

Nos. 3 and 4 inquired what was the reasonable market value of appellant's property immediately before and immediately after the construction of the railroad track on Dallas avenue; and No. 5 inquired what was the loss or damage to appellant's business by reason of such construction. None of these were answered. Based upon the answers to issues 1 and 2, the trial court rendered judgment for appellees.

Appellant's first contention urges the insufficiency of the evidence to support the answers of the jury to issues Nos. 1 and 2. The record discloses that the testimony was conflicting on these issues, and since we must reverse the case on other grounds, we pretermit a discussion of same.

■ Appellant next contends that he was entitled to damages to his property, measured by the extent of the injury to said property for the purposes for which he was using it—that is, as a residence and as a place of business—and not as measured by the value which his property might have for industrial purposes after said construction, citing particularly City of Dallas v. Kahn, 9 Tex. Civ. App. 19, 29 S. W. 101; City of Houston v. Bartels, 36 Tex. Civ. App. 498, 82 S. W. 323, 469; City of Dallas v. Cooper (Tex. Civ. App.) 34 S. W. 322; Fort Worth & N. O. Ry. Co. v. Wallace, 74 Tex. 584, 12 S. W. 227, and Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Tex. 467. Some statements contained in some of

these cases may appear to sustain appellant's contention. However, the Supreme Court, in Boyer & Lucas v. Ry. Co., 97 Tex. 108, 76 S. W. 441, expressly holds the contrary. That is, that on the issue of whether or not the complaining party's property has been damaged or its value depreciated, the market value of the property immediately before and immediately after the construction complained of is the test, and in arriving at this market value the availability of the property for any particular use or for all uses to which it may be adapted can be shown. In the case of Gulf, C. & S. F. Ry. Co. v. Fuller, supra, relied upon by appellant, the Supreme Court expresssly approved the following charge: "In estimating the value of said premises with and without the railroad being on said street, you shall base your estimate on the fair market value of the same, and in this connection you should consider in defendant's favor such special benefits, if any, as the plaintiff may have derived from the location of said railroad on said street."

Appellant next complains of the charge of the court. In connection with the special issues submitted, the court gave to the jury the following charge:

"For your assistance and guidance in answering the foregoing issues you are instructed that it is not the right of one through whose wrongful act an injury has been done to the land of another to have the measure of damages fixed by the effect the injurious act may have on the land if used for some purpose other than that to which it was applied or desired to be applied by its owner; but it is the right of the owner to have his damage measured by the extent of the injury to the land used for any lawful purpose to which he had appropriated it, desired to appropriate it, or to which it was adapted.

"You are instructed as a matter of law that the City of Houston has the right, power and authority to grant a franchise for the construction, maintenance and operation of railroad tracks, in, on or over the public streets of the City of Houston, but the City of Houston has no authority in law through its City Council or its use grant any right of user whereby plaintiff would or might be damaged without compensation.

"You are instructed as a matter of law, that the defendant, City of Houston, has the right, power and authority to alter, change, raise or lower the grade of the public streets of the City of Houston and unless you find that the raising of the grade on Dallas Avenue in front of the plaintiff, Frank Daidone's property in Block 530 has prevented the free ingress and egress to said property of plaintiff or has caused said property of plaintiff to be damaged because of granting the franchise herein mentioned, you will find for the defendant."

It is obvious that this is a general charge which the courts have repeatedly held should not be given in the submission of special issues. St. Louis Southwestern Ry. Co. v. Hudson (Tex. Com. App.) 17 S.W.(2d) 793; El Paso Electric Co. v. Collins (Tex. Civ. App.) 23 S.W.(2d) 298; H. & T. C. R. Co. v. Stribling (Tex. Civ. App.) 293 S. W. 890; T. & N. O. R. Co. v. Owens (Tex. Civ. App.) 299 S. W. 934. Article 2189, R. S. 1925, authorizes the giving in connection with special issues only of "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." While the objections made by the appellant to this charge were not that it was a general charge, yet such objections were, we think, amply sufficient to call the court's attention to the defects of the charge as given and that it was not authorized by said article 2189. Such charges, and particularly the one given in this case, are calculated to confuse the minds of the jury in answering the special issues presented.

Objection is also made by one of the appellees, but not by appellant, that special issue No. 1 as submitted was in effect a general charge in itself, in that it submitted both a question of law and of fact. We think this is undoubtedly true. There appears to be no controversy over the legal right of the city to raise the grade of its streets, nor of the railway company with the permission of the city to construct its tracks thereon. But such construction, if in fact it depreciated the value of the appellant's property, comes within the constitutional and statutory inhibitions against damaging property for public purposes without compensation; and if appellant's property was in fact damaged he was entitled to such compensation. The sole issues in the case were whether or not his property and business had been damaged and the extent of that damage.

Appellant also insists that special benefits to the property increasing its value should have been pleaded by the appellees, relying particularly upon the cases above cited. This question will probably not arise on another trial, but under the charge expressly approved in the Wallace Case, stating that the jury might consider special benefits in arriving at a fair market value, and the holding in Houston B. & T. Ry. Co. v. Wilson (Tex. Civ. App.) 165 S. W. 560, it would appear that a general denial that any depreciation of the value of defendant's property occurred would permit the defendants, appellees here, to show that such market value instead of being diminished had in fact been increased by said benefits.

Because of the erroneous charges, the judgment of the trial court is reversed, and the case remanded.

Reversed and remanded.