## SOLO SERVE CO. v. HOWELL.

### No. 8530.

Court of Civil Appeals of Texas. San Antonio.
Jan. 21, 1931.

Rehearing Denied Feb. 18, 1931.

Cunningham, Moursund & Johnson, of San Antonio, for appellant.

Chas. E. McPherren, of Oklahoma City, Okl., and G. Woodson Morris, of San Antonio, for appellee.

SMITH, J.

This action was brought by Eunice Howell, a married woman, against the Solo Serve

Company, a corporation, for damages for personal injuries alleged to have been sustained by her when she fell over a toy wagon displayed for sale in a store building owned by the corporation. From a judgment in favor of Mrs. Howell, the Solo Serve Company has appealed. The accident occurred on November 2, 1928.

At the outset appellant challenges the right of appellee to maintain the suit and recover judgment in her own name and right, without the joinder of her husband, under the peculiar pleadings presented and proof made in the case. In view of reversal upon other grounds, however, it is not deemed necessary to decide the question, which is not likely to arise upon another trial, and we pretermit any discussion of it here.

The trial judge submitted the case to a jury upon special issues designed to elicit findings upon appellee's contentions as follows:

(1) That appellee tripped and fell over a toy engine in appellant's store.

(2) That appellant's agent had negligently left said toy "partly protruding" into an aisle in the store.

(3) That appellant negligently failed to keep the aisle free and clear of obstructions for the sale and convenient use of customers.

(4) That appellant negligently maintained the aisle "too narrow for the safe use of its customers and employees."

(5) That said aisle was "too narrow" for such use, and appellant was negligent "in failing to furnish an aisle of sufficient width."

The question of proximate cause was submitted in connection with each of said issues, and resolved against appellant. The jury also exonerated appellee from contributory negligence, and found that the accident was not unavoidable.

It will be observed that the issues submitted were simple and required no explanations or definitions, except as to the terms "ordinary care," "negligence," "proximate cause," and "unavoidable accident." The court correctly defined each of those terms, and appellant makes no complaint thereat. Obviously there was no occasion for additional explanations, definitions, or other instructions to the jury. But the court went further and charged the jury upon the law of the case as applicable to each of the several issues of liability, and of this appellant vigorously complains.

In connection with appellee's contention that appellant negligently left the toy engine "protruding" into the aisle, and the submission of the issue thereof, the court charged the jury that "it was the duty of the defendant company to provide reasonably safe passageways or aisles in its store for the use of its customers during business hours and to keep the same free of obstructions which might reasonably be the cause of injury to such customer while examining and purchasing goods in the said store."

In connection with the issue of whether appellant kept the aisle "free and clear of obstructions for the safe and convenient use of its patrons," the court charged the jury that "it was the duty of the defendant company to keep the said passage-way and aisle in its store free of obstructions which might reasonably be the cause of injury to such customers while examining and purchasing goods in the said store, and such customers while visiting the store during business hours for the purpose of examining and purchasing merchandise kept and displayed for sale therein are invitees in such store and while engaged in such examination and purchase have the right to rely upon the safety of the aisles and passage-ways provided for the use of such customers."

In connection with the issue of whether appellant's aisle was "too narrow for the safe use of its customers and employees," the court charged that "it was the duty of the defendant company to provide passage-ways or aisles in its store for the use of its customers and employees of sufficient width to be safely used so as not to contribute to the injury of such customers while examining and purchasing goods in the said store."

And in connection with the issue of whether appellant negligently failed to "furnish an aisle of sufficient width," the court charged that "it was the duty of the defendant company to provide passage-ways or aisles in its store for the use of its customers and employees of sufficient width to be safely used so as not to contribute to the injury of such customers while examining and purchasing goods in the said store."

■■ It is now well settled that the giving of general charges, such as these, upon the law of the case, in cases submitted upon special issues, constitutes error. Article 2189, R. S. 1925; Owens v. Imp. Dist., 115 Tex. 263, 280 S. W. 532; Lbr. Co. v. Keen (Tex. Com. App.) 237 S. W. 236; Oil & Ref. Co. v. McLean (Tex. Com. App.) 280 S. W. 557, 559; Connellee v. Nees (Tex. Com. App.) 266 S. W. 502; Besteiro v. Besteiro (Tex. Civ. App.) 18 S.W.(2d) 829; Texas & N. O. Ry. Co. v. Owens (Tex. Civ. App.) 299 S. W. 933; Houston & T. C. Ry. Co. v. Stribling (Tex. Civ. App.) 293 S. W. 890; Chicago, R. I. & G. R. Co. v. Abdou (Tex. Civ. App.) 1 S.W. (2d) 493: McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213; Diadone v. Houston Belt & T. R. Co. (Tex. Civ. App.) 26 S.W.(2d) 366. The giving of general charges upon the law of this case as applied to special issues of fact was particularly harmful here, and amounted to comments upon the weight of the evidence, apprised the jury of the effect their

answers would have upon appellant's liability, and in some respects placed greater burdens upon appellant than is warranted by law. Under uniform decisions the giving of these charges requires reversal.

The case raises the question of estoppel against appellant to show that the person whose individual acts are alleged to have been responsible for the accident was not the agent of appellant, but of another, that the immediate premises upon which the accident occurred were under the sole control of others than appellant, and that the alleged acts of negligence upon which appellant recovered were the acts of others than appellant. The facts, upon which appellee based her pleas of estoppel, were for the jury to determine from all the circumstances of the case, and the trial court should have allowed appellant to prove all facts relevant to that issue, and otherwise admissible, as contended by appellant in its propositions 2, 3, 4, 5, 6, and 7.

We also conclude that appellant should have been permitted to show that the premises in question were maintained in the manner and condition usual in the operation of similar businesses, as contended by appellant in its propositions 8 and 9.

Other questions raised in the appeal will not probably arise upon another trial, and need not be decided here.

The judgment is reversed, and the cause remanded.