## CITY OF SWEETWATER v. McENTYRE.
### No. 2798.

Court of Civil Appeals of Texas. Eastland.
July 28, 1950.

Rehearing Denied Sept. 8, 1950.

H. R. Bondies, Sweetwater, for appellant.

Beall & Yonge, Sweetwater, for appellee.

COLLINGS, Justice.

This suit was brought by appellee, Della McEntyre, against the City of Sweetwater to recover damages in the sum of $4,802.25 alleged to have been suffered by reason of the lowing of the grade level of the street in front of her property. The trial was before a jury and, based upon its verdict, judgment was rendered for appellee in the sum of $1,950 together with interest from November 11, 1944 to date of judgment in the amount of $564.25 and with interest at the rate of six percent per annum on both amounts after date of judgment. The City of Sweetwater brings this appeal.

The evidence indicates that the property in question lies at the intersection of U. S. Highway 80 and Mulberry Street in the City of Sweetwater, and has a frontage of 140 feet facing north on the highway. At such street intersection on the west end of the property, a service station occupied about 46⅔ feet of the frontage. On the remaining frontage to the east, two dwelling houses, one of which was. a duplex, were located. The testimony was conflicting on the question of how much the grade was lowered. Appellee's witnesses testified it was lowered 2 or 3 feet at the curb. The State Engineer in charge of the work, who was a witness for appellant, stated that the grade was lowered in varying amounts ranging from 1 foot 6 inches at the west end or filling station corner and decreasing toward the east in a ratio of about 5 inches to every 20 feet. The jury verdict upon which the judgment was based was to the effect that the difference in the reasonable market value of the property before and after the changing of the grade was $1,750 for the filling station property and $100 each for each of the two dwellings.

The evidence further discloses that some time prior to the year 1882, the State of Texas granted the land in question, along with other lands, to the Texas & Pacific Railway Company. In that year the company subdivided and platted the original town of Sweetwater into lots, blocks, streets and alleys and dedicated all the streets and alleys to the public use. Among the streets so dedicated was North Second Street which was at the time of the dedication and at all times since has been 80 feet in width. At the time of its dedication, North Second Street came to a dead end in front of the property here involved. In the early 1920's the route of the State Highway through Sweetwater was changed from Third Street to North Second Street at which time North Second Street was extended west to where it joined the old highway somewhere west of town. Thereafter, and prior to the year 1926, the Federal Government routed the National Highway over North Second Street and in the year 1926, this highway was designated as U. S. Highway 80.

During the year 1928, appellee's husband, J. B. McEntyre, constructed a filling station on the property in question on an approximate level with the street as the highway then existed. The street remained at that level until the construction here under consideration was commenced by the State Highway Department. Under a contract between the State of Texas and the City of Sweetwater, the City obligated itself to save the state harmless from all claims for damages.

Appellant's first point complains of the action of the trial court in overruling its motion for an instructed verdict. Such motion set out 10 numbered paragraphs

as grounds or reasons in support thereof. The reasons enumerated in the motion for an instructed verdict were not set out in appellant's motion for a new trial in which appellant stated only that "the court erred in overruling" appellant's motion for an instructed verdict.

Appellee contends that this court should not consider appellant's first point for the reason that it is based on an assignment of error in its motion for a new trial which is too general and contrary to the practice prescribed by Rules Nos. 320, 321, 322, 324 and 374 of Texas Rules of Civil Procedure.

The assignment of error relied upon is as follows: "The court erred in overruling and in not sustaining defendant's motion to instruct the jury to bring in a verdict for defendant and which was submitted to and refused by the court after the evidence was all in."

█ It appears that a specific act of the court is complained of in this assignment, namely, the overruling of appellant's motion for an instructed verdict. Although the better practice would have been for appellant to state specifically the reasons therefor in his motion for a new trial, the reasons here urged were definitely presented and brought to the attention of the court and opposing counsel not only in the motion for an instructed verdict but also by appellant's answer and exceptions to appellee's petition. The record, as we see it, does not present a case where the reasons relied upon in the appellate court were withheld from and not disclosed to the trial court and opposing counsel. Neither is it a case where several acts, each presenting different legal problems are attempted to be presented in one assignment. We are of the opinion that the grounds for the action urged were presented in such a way that they could be "clearly identified and understood by the court", and that the assignment complies with the purpose and intent of the rules. Barron v. James, 145 Tex. 283, 198 S.W.2d 256; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, 275; West Texas Utilities Co. v. Wills, Tex.Civ.App., 164 S.W.2d 405.

█ The effect of the first six grounds or reasons urged in the motion for an instructed verdict was that there was no pleadings or evidence that the lowering of the grade was unnecessary or improperly done and that it "was as a matter of common knowledge and law foreseeable" by appellee and gave her no claim or right of recovery against appellant. Article 1, Sec. 17 of the Constitution of the State of Texas, Vernon's Ann.St., provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made * * *."

The weight of authority under the above constitutional provision is that an owner of land abutting upon a street or highway is entitled to damages for any permanent injury to such land by a material change of grade whether from natural or a previously established grade where such damages exceed the benefits derived from the change. Of course, if the owner has already been compensated for the damage suffered, he could not recover a second time. The test then as to whether he is entitled to compensation in a particular case is whether the change made could reasonably have been foreseen by the owner or his predecessor at the time the easement or right-of-way was acquired. In this connection it seems that the owner will be held to have foreseen any improvements which at the time the right-of-way was acquired were in conformity with reasonable regulations for public safety and convenience. When the City of Sweetwater acquired the street from the Texas & Pacific Railway Company it acquired the right to use it in any manner reasonably necessary or appropriate to the promotion of public safety and convenience. Such a use was contemplated by the parties. It is admitted, however, by appellant herein that it is hardly possible that the Texas & Pacific Railway Company, the owner of the property in question, at the time it was designated as a street, could reasonably have foreseen that the grade of the street would be lowered in the manner complained of, it follows that the right to so lower the grade was not at that time acquired by the

City. The lowering of the grade imposed an additional burden upon appellee's property from that contemplated when the street was dedicated for which she is entitled to compensation. State v. Brewer, 141 Tex. 1, 169 S.W.2d 468; City of LaGrange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243; Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719; City of Houston v. Bartels, 36 Tex.Civ.App., 498, 82 S.W. 323.

■ As further reason for the instructed verdict, appellant contends that the evidence showed conclusively that the only damage suffered to appellee's filling station property by reason of the lowering of the grade was in the interference with and interruption of the use of the sidewalk in front of the station as a place to serve cars, and that appellee was entitled to no recovery for this damage because such use of the sidewalk was prohibited by an ordinance of the City of Sweetwater. The evidence discloses such an ordinance by the City. In our opinion, the evidence does not conclusively show that the only damage suffered to the filling station property was in the interference with and interruption of the use of the sidewalk in front of the station. Any damages occasioned by the interruption of or the interference with such use of the property were not recoverable by appellee. Appellant was not entitled to an instructed verdict, however, because there was evidence of other damages for which appellee was entitled to recover, and to have instructed the jury as requested by appellant would have denied that right.

Appellant urges in its second point that the court erred in admitting the testimony of the witnesses, D. A. Clark, H. A. Walker and Bill Sheridan that the market value of the old service station property after the lowering of the grade of the highway was $5,850 because it was clearly apparent that said testimony was based upon hearsay, since it was arrived at by taking the sum of $4,150 which C. A. Clayton, deceased, told them it would cost to replace the old station and deducting that figure from what the said witnesses testified was the market value ($10,000) of the property before the lowering of the grade.

The witnesses Clark and Walker were both real estate men of many years' experience in Sweetwater. The evidence shows that they made a thorough study of the property and considered many things in arriving at their opinion. For one of the facts used by them to reach their opinion as to the value of the property after the grade was lowered, they admitted that they relied largely upon what a third party, one C. A. Clayton, a builder now deceased, told them.

■ Bill Sheridan's testimony on the question here involved was substantially the same as that of the witnesses Clark and Walker. Sheridan was appellant's own witness and his testimony was elicited by appellant's counsel, without restriction as to its purpose. Appellant cannot here complain of such testimony by Sheridan.

■ In our opinion it is not necessary to decide the question of whether the testimony of Clark and Walker was inadmissible as hearsay. The error, if any, in admitting their testimony was rendered harmless when appellant placed substantially the same evidence in the record through its witness Sheridan. 17 Tex. Jur., page 370; Berg v. San Antonio St. Ry. Co., Tex.Civ.App., 49 S.W. 921 (Writ Ref.); Home Benefit Ass'n v. Horne, Tex.Civ. App., 290 S.W. 226; Seay et al. v. Fennell et al., 15 Tex.Civ.App. 261, 39 S.W. 181; St. Louis & S. F. R. Co. v. Sizemore, 53 Tex.Civ.App. 491, 116 S.W. 403; Boone v. Thompson, 17 Tex. 605; Texas Employers' Ins. Ass'n v. Knouff, Tex.Civ.App., 297 S.W. 799.

■ Appellant contends in its third point that the court erred in entering judgment in favor of appellee for interest from the date of the lowering of the grade and consequent damage to the land in question and urges that the interest should begin to run from the date of the judgment and not before. We cannot agree with this contention. The Constitution of our State provides that no person's property shall be damaged or applied to public use without adequate compensation being made. When the damage is inflicted to the property the

438

obligation to pay therefor begins. In our opinion the trial court correctly awarded appellee interest from November 11, 1944, the date the injury occurred. State v. Hale, 136 Tex. 29, 146 S.W.2d 731, and authorities therein cited.

The judgment of the trial court is affirmed