CITY OF ABILENE, Appellant,

v.

John F. DOWNS et al., Appellees.

No. 16574.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 15, 1965.

Rehearing Denied Feb. 19, 1965.

John W. Davidson and Les Cochran, Abilene, for appellant.

Brooks & Jones, and George D. Jones, Abilene, for appellees.

LANGDON, Justice.

The suit, originally for damages to appellees' property caused by the operation of appellant's sewer plant, was initially filed in June and October, 1960. Upon trial of the original cases, the City of Abilene appealed and the judgment in the cases reversed by the Supreme Court in April, 1963, with instructions to grant a change in venue. City of Abilene v. Downs, 367 S.W.2d 153 (Tex.1963). The cases were thereafter transferred to Young County, Texas. Six years after the sewage plant commenced operation and four years after the damage had occurred, the City of Abilene filed its third amended original answer and a cross-action in condemnation in response to the appellees' second amended original petition for damages. The cross-action was based on Article 3269, Vernon's Ann.Tex.St. Ostensibly the ground for jurisdiction under such statute was that the City was occupying the property of the appellees.

Prior to the second trial the City filed motions in limine seeking to suppress evidence of damages occurring to the land prior to the time it filed its cross-action for condemnation contending such evidence was immaterial because the ultimate issue was

the fair market value of the land to be determined as of the date of trial without considering either depreciation or appreciation in value due to the operation of the sewage plant. At the same time the City filed motions to open and close alleging it had the burden of proof to establish jurisdictional requirements for its condemnation. Both of these motions were overruled and the case proceeded to trial by a jury.

The summarized findings of the jury are: (1) the operation of the sewage plant constituted a nuisance causing permanent damage, (2) the nuisance arose in November, 1959, and (3) the combined market value of the land at date of trial disregarding either depreciation or appreciation because of the plant was $150,725.00 allocated as follows: Downs—$77,325.00; Powers—$36,400.00; and Shotwell—$37,000.00.

The City filed a motion for judgment awarding the appellees the market value of their land on the date of trial excluding any depreciation or appreciation in value due to the operation of the plant. The City's motion for judgment was overruled and judgment was entered awarding the appellees (1) the full depreciation in market value plus six (6) per cent interest from November 6, 1959, and (2) the full undepreciated market value of their land as of November 18, 1963, and vested title to the land in the City. The judgment then provided that an amount equal to the permanent damage award be deducted but refused to deduct the accrued interest on such permanent damages. The interest amounted to $9,423.05. Thus, under the final judgment the City was required to pay the full undamaged market value of the land as of the date of trial plus interest thereon from date of trial until paid into registry of the court and plus interest upon the amount of permanent damages found to have accrued from the time the nuisance arose to date of trial.

The appellant under four assignments contends that the court erred in overruling its motions in limine, to open and close in all phases of the suit and in overruling its motion for judgment. It further argues that the court erred in refusing to deduct the interest on the permanent damages along with such damages because the interest was a part thereof as distinguished from interest eo nomine. Appellant contends that the judgment requires it to pay interest on a sum of money awarded as permanent damages while at the same time conceding it did not owe the amount upon which the interest is based.

We affirm.

Under this record we are of the opinion that the action of the court in overruling the appellant's motions in limine and to open and close was proper. The suit was one based primarily upon damages. Thus, the evidence relating to such damage was admissible and the appellees having the burden of proof had the right to open and close. The judgment requested by the appellant would have denied the appellees the full relief to which they were entitled. All of appellant's points of error based upon the action of the court in overruling its motions for judgment, in limine and to open and close are overruled.

In our opinion the court did not err in failing to deduct from the condemnation award the amount of the interest ($9,-423.05) on the permanent damages. The Supreme Court of Texas in State v. Hale, 136 Tex. 29, 146 S.W.2d 731, p. 738, Syl. 22 (1941), citing numerous authorities, stated, "In this State it has been held that, in an action for damages for injury to real property, the owner is entitled to legal interest on the damages from the time the injury was inflicted." See also City of Sweetwater v. McEntyre, 232 S.W.2d 434 (Eastland Tex.Civ.App., 1950, writ ref. n. r. e.), holding that when the damage is inflicted to the property the obligation to pay therefor begins and interest runs from such date as a part of the adequate compensation for such damages. Thus, from these cases and the authorities cited therein it would appear

that the interest on such damages is part and parcel of such damages to adequately compensate the land owner. In this case it would seem to follow that if the land owners sustained permanent damages as of November, 1959, when the nuisance arose, they would be entitled to the use of such money from that date for investment or other uses. They did not have it. To deduct the interest awarded by the judgment would under the facts of this case deny the appellees any compensation for loss of use of money damage due them for the period involved.

The judgment of the trial court is accordingly affirmed.

Affirmed.