CITY OF HOUSTON, Petitioner,

v.

Lee M. FOX, Respondent.

No. B–228.

Supreme Court of Texas.

Oct. 18, 1967.

Rehearing Denied Nov. 22, 1967.

William A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor and Joseph G. Rolling, Senior Asst. City Atty., Houston, for petitioner.

Sears and Burns, Houston, for respondent.

ON MOTION FOR REHEARING
OF APPLICATION FOR WRIT
OF ERROR

PER CURIAM.

Respondent's motion for rehearing is granted and our Per Curiam opinion and judgment of July 19, 1967, are withdrawn and the following is substituted for our previous opinion:

The Respondent sued Petitioner for damages to realty because of loss of reasonable access to the street on which Respondent's property fronted as a result of the construction of an underpass. Damages were awarded Respondent in a trial before the court. The holding of the Court of Civil Appeals in affirming the judgment of the trial court [412 S.W.2d 745] was as follows:

> "In this case it is obvious that appellee's property is less valuable as a site for a retail business because of the construction of the underpass. It is true that appellee's access to the side street has not been materially changed, and that he has access, though substantially less convenient than before, to Broadway. It is our opinion that a material consideration in determinng the questiion of reasonable access is the highest and best use of the property. The value of this property as a site for a retail business has been materially reduced by the construction of the underpass which in effect moved the property to a side street from a thoroughfare."

The tests thus applied are in conflict with the previous opinions of this Court in Arch-

enhold Auto Supply Co. v. City of Waco, 396 S.W.2d 111, (Tex.Sup.1965) and the companion case of DuPuy v. City of Waco, 396 S.W.2d 103 (Tex.Sup.1965). The decision of the Court of Civil Appeals in effect sustained Respondent's Counterpoint One before that court, and consideration was not given to other Counterpoints urged by Respondent in support of the judgment of the trial court.

Pursuant to Rule 483, Texas Rules of Civil Procedure, we reverse the judgment of the Court of Civil Appeals without granting the application for writ of error; we remand the case to that court for consideration of Respondent's Counterpoints not decided. See Releford v. Reserve Life Insurance Company, 154 Tex. 228, 276 S.W. 2d 517 (1955).