**CITY OF HOUSTON, Appellant,**

**v.**

**Lee M. FOX, Appellee.**

**No. 14984.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

May 31, 1968.

Rehearing Denied June 20, 1968.

William A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Joseph G. Rollins, Senior Asst., Houston, for appellant.

Sears & Burns, Robert L. Burns, Houston, for appellee.

On Remand from Supreme Court

Majority Opinion

COLEMAN, Justice.

Appellee sued to recover the loss in value of certain real property occasioned by the construction by appellant of an underpass at the intersection of the two streets on which said property abutted. After a trial before the court without a jury, damages were awarded.

In our original opinion, reported at 412 S.W.2d 745, this Court held that appellee's access rights were impaired to such an extent as to constitute damage to property for public use under Article 1, Section 17, Constitution of Texas, and that there was evidence to support the trial court's finding of reduction in the market value of the property. This decision was reversed by the Supreme Court and the case was remanded to us in order that we might consider the other counter-points raised in the brief filed by appellee. City of Houston v. Fox, 419 S.W.2d 819.

The only point presented by appellant's brief is that the trial court erred in awarding any monetary damages to appellee, since all of the damages alleged and proved are damnum absque injuria.

The facts were set out in some detail in our original opinion. Only such facts as require emphasis will be repeated.

Appellee says that the judgment should be affirmed because the underpass and related improvements diminished the market value of his property, and inasmuch as the damages from such improvements could not have been reasonably foreseen at the time the streets were dedicated, he has not been compensated therefor. Appellee also asserts a private easement in both Broadway and Erath Streets, acquired on the purchase of the lots with reference to the map or plat by which the streets were dedicated

to the public, and its impairment by the construction of these improvements.

Broadway and Erath Streets were dedicated as public streets in the plat of the Harrisburg Townsite of 1862. Appellee's predecessors in title purchased these lots with reference to the plat. In 1862 neither the construction of the underpass nor the damage caused thereby could reasonably have been foreseen.

■ The rights which may be exercised under an easement for a public street, and the rights of an abutting landowner, are the same whether the easement is acquired by condemnation, dedication, prescription or deed. State v. Brewer, 141 Tex. 1, 169 S.W.2d 468 (1943); Continental Pipe Line Co. v. Gandy, 162 S.W.2d 755 (El Paso Civ.App. 1941, err. ref., w. o. m.).

In Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Tex. 467 (1885), the Supreme Court of Texas said:

"For the protection of private rights the constitution declares that 'no person's property shall be taken, damaged or destroyed for or applied to public use, without adequate compensation being made, unless by the consent of such person.' Const., art. 1, sec. 17.

"This language is broader than that used in the former constitutions of this state, and was doubtless intended to meet all cases in which, even in the proper prosecution of a public work or purpose, the right or property of any person, in a pecuniary way, may be injuriously affected by reason of the thing being made thereby less valuable, or its use by the owner restricted by the public use to which it is wholly or partially applied, without compensation having been first made to the owner.

"* * *

"If by the construction of a railway or other public work an injury peculiar to a given property be inflicted upon it, or its owner be deprived of its legal and proper use, or if any right therein or there-

to; that is, if an injury, not suffered by that particular property or right only in common with other property or rights in the same community or section, by reason of the general fact that the public work exists, be inflicted, then such property may be said to be damaged."

■ The amount of damages allowed in a proceeding for the condemnation of a part of a tract of land for street or road purposes covers all lawful elements of damages, whether direct or consequential, that could reasonably have been foreseen and determined at the time of condemnation. However, damage that could not reasonably have been foreseen at the time of acquisition by the public authority may be recovered by the abutting landowner when subsequently inflicted. City of La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243 (1943); St. Louis, A & T Ry. Co. v. Henderson, 86 Tex. 307, 24 S.W. 381 (1893); State v. Parchman, 216 S.W.2d 655 (Texarkana Civ.App.1948, error ref.); Bartels v. City of Houston, 32 Tex.Civ.App. 389, 74 S.W. 326 (1903) City of Sweetwater v. McEntyre, 232 S.W.2d 434 (Eastland Civ.App.1950, error ref., n. r. e.).

In DuPuy v. City of Waco, 396 S.W.2d 103 (Tex.1965), the principles of law set forth in Fuller were approved. The court held that the lessening of the value of property resulting from loss of access constitutes "damage" within the meaning of the word as used in Art. 1, § 17, Constitution of Texas. The court pointed out that whether there has been a compensable damaging under this section of the Constitution is to be approached from the premise that an access right is an easement judicially recognized as appurtenant to tangible property to protect the benefits of private ownership. The court then said that the benefits of private ownership have been assured so long as there is reasonable access, in which event an action for compensation under the Constitution will not lie.

■ The question of whether a property owner retains reasonable access to his prop-

erty after the construction of a public improvement is a question of law. That the property owner retains reasonable access to his property in this case is settled. City of Houston v. Fox, 419 S.W.2d 819 (Tex. 1968).

DuPuy v. City of Waco, supra, in which compensation was allowed, Archenhold Auto Supply Co. v. City of Waco, 396 S. W.2d 111 (Tex.1965), and Moorlane Company v. Highway Department, 384 S.W.2d 415 (Amarillo Civ.App.1964, writ ref., n. r. e.), in which no compensation was allowed, all are cases in which the loss of value sustained by the property resulted from a partial loss of access. Neither of these cases would militate against the award of damages if the loss of value resulted from a taking of some other right, which accompanies, and is an incident of, ownership. State v. Hale, 136 Tex. 29, 146 S.W.2d 731 (1941); Milam County v. Akers, 181 S.W. 2d 719; (Austin Civ.App.1944, ref., w. m.).

DuPuy reaffirmed the general principle that where a public work is constructed which inflicts an injury peculiar to certain property not suffered in common with other property in the community or section, such property is damaged within the meaning of the Constitution, and the law will not permit the infliction of such injury without the allowance of just compensation.

It is well settled that damages may be recovered for injury to property rights, such as the right of reasonable access, as well as for injury to the physical property itself, as by changing the flow of surface water. Fort Worth Improvement Dist. No. 1 v. City of Ft. Worth, 106 Tex. 148, 158 S.W. 164, 48 L.R.A.,N.S., 994 (1913); Hart Bros. v. Dallas County, 279 S.W. 1111 (Tex.Com.App.1926).

■■ Before consequential damages to this property can be recovered there must be proof that the City violated some legal right it owed appellee. State v. Brewer, 141 Tex. 1, 169 S.W.2d 468 (Tex.1943).

The measure of damages is the reduction in the market value of the property caused by the violation of that legal right. If the loss in value caused by the impaired access to the lots from the adjacent streets cannot be considered in determining whether there has been a reduction in market value, this is a matter to be determined by the admission and exclusion of testimony. DuPuy v. City of Waco, supra; State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979 (1936).

■■ A denial of the right to reasonable access is a taking or damaging of an easement appurtenant. This was the legal right violated by the City in Fox. The violation of this right constituted the basis of the claim in Archenhold. Here there are additional factors to be considered. Appellee has a private easement over both Erath and Broadway Streets. Dykes v. City of Houston, 406 S.W.2d 176 (Tex. 1966).

■ The construction of the improvement for public use substantially impaired his right to make use of these private easements. This is a violation of a legal right distinct from the claimed denial of the right to ingress and egress by reason of the easement appurtenant. The construction of a railroad track on the center line of Erath, where the tracks had previously been entirely on the north side of that street, placed an additional servitude on the public easement. Rische v. Texas Transp. Co., 27 Tex.Civ.App. 33, 66 S.W. 324 (1901, error den.).

The grade of the railroad on Erath Street was raised so that as a practical matter use of the north half of the right of way is denied appellee. There is testimony that the grade was raised so that less excavation would be required for the underpass. The track over Broadway was constructed by the City as a part of the project, and is a permanent structure.

The City has placed barricades so as to deny access to the north half of Erath Street from the access roads constructed

along Broadway Boulevard. These barricades together with the raised railroad tracks substantially impair appellee's use of the north half of the right of way of Erath Street.

The construction of the underpass on Broadway necessarily required lowering the road bed for a considerable distance, north and south of the intersection. This, in turn, physically restricts appellee in the use he can now make of his private easement in the dedicated right of way. This also constitutes a violation of a right distinct from the easement providing for reasonable access.

In City of Sweetwater v. McEntyre, 232 S.W.2d 434 (Eastland Civ.App.1950, error ref., n. r. e.), the rule relating to damages caused by lowering the grade of a street is stated as follows:

"The weight of authority under the above constitutional provision is that an owner of land abutting upon a street or highway is entitled to damages for any permanent injury to such land by a material change of grade whether from natural or a previously established grade where such damages exceed the benefits derived from the change. Of course, if the owner has already been compensated for the damage suffered, he could not recover a second time. The test then as to whether he is entitled to compensation in a particular case is whether the change made could reasonably have been foreseen by the owner or his predecessor at the time the easement or right-of-way was acquired. In this connection it seems that the owner will be held to have foreseen any improvements which at the time the right-of-way was acquired were in conformity with reasonable regulations for public safety and convenience. When the City of Sweetwater acquired the street from the Texas & Pacific Railway Company it acquired the right to use it in any manner reasonably necessary or appropriate to the promotion of public safety and convenience. Such a use was contemplated by the par-

ties. It is admitted, however, by appellant herein that it is hardly possible that the Texas & Pacific Railway Company, the owner of the property in question, at the time it was designated as a street, could reasonably have foreseen that the grade of the street would be lowered in the manner complained of, it follows that the right to so lower the grade was not at that time acquired by the City. The lowering of the grade imposed an additional burden upon appellee's property from that contemplated when the street was dedicated for which she is entitled to compensation. State v. Brewer, 141 Tex. 1, 169 S.W.2d 468; City of La Grange v. Pieratt, 142 Tex. 23, 175 S. W.2d 243; Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719; City of Houston v. Bartels, 36 Tex.Civ.App., 498, 82 S.W. 323."

There was testimony that the value of appellee's property was reduced by reason of the construction of the public work by the City. The damages awarded by the trial court were much less than the reduction in value testified to by one of the two expert witnesses heard at the trial.

The expert witness, who testified that in his opinion the property was damaged, based his testimony largely on the impaired accessibility of the property. Nevertheless he did consider other factors. If impaired accessibility is damnum absque injuria, there is evidence of other damage. The opinion evidence was admitted by the trial court. There is no point of error complaining of error in the admission of the testimony.

As the court recognized in Archenhold Auto Supply Co. v. City of Waco, supra, the diminishment of an owner's means of access to an abutting street may constitute special damage to the owner not suffered in common with the general public. Since suitable means of access remained, the court held that the damage suffered was damnum absque injuria.

In Rose v. State, 19 Cal.2d 713, 123 P.2d 505, 515 (1942), the Supreme Court dis-

cusses the doctrine of damnum absque injuria:

"Defendants urge the doctrine of damnum absque injuria (damage without legal injury) but that doctrine means merely that a person may suffer damages and be without remedy because no legal right or right established by law and possessed by him has been invaded, or the person causing the damage owes no duty known to the law to refrain from doing the act causing the damage. That rule has no application however where the person suffering the damage has a property right, the right of access in this case, and the duty is imposed by the Constitution on the person causing the damage to refrain from causing the same without payment of compensation. The right being fixed by law, the question of whether such right has been injured and such duty violated, is one of fact."

The courts of Texas have consistently recognized this explanation of the doctrine. Lea County Electric Cooperative, Inc., v. City of Plains, 373 S.W.2d 90 (Amarillo Civ.App.1963, ref., n. r. e.); Cline v. Insurance Exchange of Houston, 154 S.W.2d 491 (Galv.Civ.App.1941, aff'd 140 Tex. 175, 166 S.W.2d 677); Bondies v. Glenn, 119 S.W.2d 1095 (Eastland Civ.App.1938, writ dism.).

In Archenhold, we understand the court to hold that since the property owner retained reasonable access after the construction of the improvement, the city had violated no legal right pertaining to the property. The opinion specifically points out that the case presented to the court involved only the impairment of access rights. As we construe the case it is not authority for the proposition that damage resulting to property from the taking, damaging, or destroying of a property right, such as a private easement, would be damnum absque injuria, even though the reduction in value of the property resulted primarily from an impairment of accessibility.

In such a case there would be the violation of a legal right and resulting damage.

This view of the case is supported by St. Louis, S. F. & T. Ry. Co. v. Shaw, 99 Tex. 559, 92 S.W. 30, 6 L.R.A.,N.S., 245 (1906), where the Court said:

"Those cases rest upon the doctrine of nuisances; the fundamental proposition underlying all of them being that there had been unnecessary and unreasonable uses by the defendants of their property to the injury of the plaintiffs, consisting in such a location of stock pens, coal chutes, yards, etc., there in question, which the defendants could have located elsewhere, as to unreasonably and unnecessarily interfere with the plaintiffs' use and enjoyment of their property. The underlying idea was that, inasmuch as the particular locations of those structures by the defendants were in no way regulated or controlled by law, the unreasonable locations to the injury of others had not been legalized, but constituted nuisances. The subject was more extensively considered in Rainey v. Red River T. & S. Ry. Co. (Tex.Sup.) 89 S. W. 768, and the proper distinction was made between cases of that class and those such as we deem this to be. Here, the defendant, in the location of its right of way, its main track, its freight depot, and such sidings and spurs as were necessary to the proper carrying on of its freight business and the discharge of its duties therein, did only that which the law authorized it to do. In other words, for the public good, its action in these regards, so long at least as it was only a reasonable exercise of the privileges granted, was made lawful; and any incidental damage resulting to members of the public, beyond that caused to their property against which they are protected by the Constitution, is to be regarded as damnum absque injuria, which must be borne because the work which inflicts it is authorized by law for the general welfare. * * *"

In this case the underpass constructed in the middle of Broadway, and the railroad track relocated in the middle of Erath, necessarily impaired the accessibility of appellee's property. This improvement was one which could not have been foreseen at the time the streets were dedicated and the lots originally purchased with reference to the plat of the Harrisburg Townsite. Neither appellee nor his predecessors in title will be presumed to have been compensated for the loss sustained. The evidence supports the finding of the trial court that the property was damaged in the amount found by the trial court.

The appellant has violated a legal right of the appellee by the construction of this public work, which resulted in a reduction in the value of the property owned by appellee. The trial court did not err in entering judgment for appellee. Commissioners' Court of Harris County v. Kaiser, 23 S.W.2d 840 (Galv.Civ.App.1929, writ ref.); Southern Traction Co. v. Fears, 199 S.W. 856 (Dallas Civ.App.1918, writ ref.); City of Houston v. Kleinecke, 26 S.W. 250 (Tex.Civ.App.1894).

The judgment of the Trial Court is affirmed.

### Dissenting Opinion

PEDEN, Justice.

I respectfully dissent and would hold that the record of this case shows that the only taking or damaging of appellee's property in addition to the impairment of its access to Broadway Street (which impairment the Texas Supreme Court has already determined to be not compensable in City of Houston v. Fox, supra) consists of the moving of a railroad track from the north half of Erath Street to the center of it. This placing of the south half of the track on appellee's servient estate constitutes an additional servitude on appellee's underlying fee title, and he has been damaged to this extent. Rische v. Texas Transportation Co., 27 Tex.Civ.App. 33, 66 S.W. 324 (San Antonio Civ.App.1901, error ref.).

I find nothing in the evidence as to damages which relate to the moving of a railroad track from the north part of Erath Street to its center or the resultant burden on the servient estate. Appellee's value witness testified that "the difficulty of access and the difficulty of seeing it or anything that would be on it" were his reasons for the decrease in market value.

I would hold that the damages which appellee has proved are damnum absque injuria. Archenhold Auto Supply Co. v. City of Waco, 396 S.W.2d 111 (Tex.Sup.Ct. 1965).