E.B. GRIMES and Jeanne K.
GRIMES, Appellants,

v.

CORPUS CHRISTI TRANSMISSION
COMPANY and Corpus Christi Trans-
mission Company, a General Partner-
ship, Appellees.

No. 13–91–101–CV.

Court of Appeals of Texas,
Corpus Christi.

April 9, 1992.

Rehearing Overruled May 14, 1992.

M.W. Meredith, Caroline L. Bertuzzi, Corpus Christi, for appellants.

Charles R. Porter, Randal W. Hill, Corpus Christi, for appellees.

Before DORSEY, GILBERTO HINOJOSA and BISSETT,[1] JJ.

## OPINION ON MOTION FOR REHEARING

DORSEY, Justice.

Upon consideration of the motion for rehearing filed in this case, which involves a utility's right to lay high pressure gas pipelines under a highway right-of-way when the original easement grant was limited to roadway purposes, we overrule the motion, withdraw our original opinion rendered February 6, 1992, and substitute the following opinion.

The Grimeses' land abuts a state highway built on an easement granted to the State by the Grimeses' predecessor in title. That easement recites that it is "for the purpose of opening, constructing, and maintaining a permanent road...." The Grimeses bought their property in 1973, and they have fee title, encumbered by this easement, to the land extending to the midpoint of the highway. In October of 1989, Corpus Christi Transmission Company laid a 16″ gas pipeline beneath the highway right-of-way after obtaining permission from the Texas Highway Department under the authority of TEX.REV.CIV.STAT.ANN. art. 1436b § 1 (Vernon 1951).

The Grimeses filed suit against the pipeline company for trespass, or in the alternative, an unconstitutional taking of their property without just compensation, claiming that the easement was restricted to use as a roadway and nothing more. Both parties filed motions for summary judgment; the trial court granted the utility's motion and denied the Grimeses'.

The Grimeses assert three points of error. They challenge the granting of the summary judgment in favor of the utility, the denial of their own summary judgment, and the constitutionality of the statute under which the utility claims its authority to lay this pipeline, as it applies to these facts. The pipeline company asserts by cross point that it should recover attorney's fees. We affirm the judgment of the trial court.

The Grimeses' theory of the case is straightforward. They argue that because the easement granted to the county by their predecessor in title was for the express purpose of a highway, other uses are outside the grant. The Grimeses assert that because they retain fee title to the land subject to the easement, a use not authorized by the easement grant invades the spectrum of their rights in the land and constitutes a trespass.

The utility relies on art. 1436b § 1, which it claims allows it, as a company transporting gas for public consumption, the right to lay its lines along all public highways.[2]

The Grimeses respond that the State cannot give that which it does not own; therefore, if the statute grants the utility a right that does not belong to the State, an unlawful taking without just compensation has occurred, contrary to art. 1, § 17 of the Texas Constitution.

The issue is whether the grant of a right-of-way for highway purposes includes within that grant other compatible uses.

■ The public's rights in a public rural road and a city street have been held to be identical. *Hill Farm, Inc. v. Hill County*, 436 S.W.2d 320, 323 (Tex.1969). The Supreme Court stated in *Hill Farm*, "in either case the responsible officials may, within the limits of the power vested in them by the Legislature, authorize the use of the subsurface for sewers, pipelines and other methods of transmission and communication that serve the public interest."

---

1. The Honorable Gerald T. Bissett, retired, sitting by assignment.

2. Art. 1436b reads in part:
   Section 1. Any person, firm or corporation ... engaged in the business of transporting or dis-

tributing gas for public consumption shall have the power to lay and maintain pipes, ... used for conducting gas through, under, along, across and over all public highways, ... within this State; ....

*Hill Farm*, 436 S.W.2d at 323. Right-of-way easements may be used generally for travel, transportation of persons and property, and communication. *Harris County Flood Control Dist. v. Shell Pipeline Corp.*, 591 S.W.2d 798, 799 (Tex.1979), (citing *Hill Farm*, 436 S.W.2d at 323).

■ The use of roads for reasons other than transportation is permitted, although those are secondary activities. *City of San Antonio v. Bexar Metropolitan Water Dist.*, 309 S.W.2d 491, 492 (Tex.Civ.App.—San Antonio 1958, writ ref'd). Easements in city streets remain broad enough to allow the municipality to do the activities normally incident to maintaining those streets: laying sewer, gas and water pipelines. *Hill Farm*, 436 S.W.2d at 323. A roadway easement granted to a municipality includes the right to use the easement for street purposes. *Pittman v. City of Amarillo*, 598 S.W.2d 941, 944 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). "Street purposes" include within their scope the laying of gas lines. *Harris County Flood Control Dist.*, 591 S.W.2d at 799. Similarly, tunneling under the street to construct and maintain electric power distribution lines is considered a "use" for a street as contemplated by applicable statutes. *West Texas Utils. Co. v. City of Baird*, 286 S.W.2d 185, 188 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.).

■ Moreover, it is wholly immaterial whether the municipality owns the fee in the soil over which the streets are laid out, or only an easement when the city grants a utility the right to lay its pipelines under a right-of-way. *City of San Antonio v. United Gas Pipeline Co.*, 388 S.W.2d 231, 232 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.), *quoting* 12 McQuillin, Municipal Corporations, § 34.14 (1966). When a municipality holds a right-of-way easement for a roadway, the landowner who holds the fee simple interest in the land underneath that easement cannot interfere with the public use of the street. *Pittman*, 598 S.W.2d at 944. The fee simple owner holds his property interest subject to the dominant right-of-way easement. *Id.* at 944;

*City of Fort Worth v. Southwest Magazine*, 358 S.W.2d 139, 141 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.), *cert. denied*, 372 U.S. 914, 83 S.Ct. 730, 9 L.Ed.2d 722 (1963).

■ The Grimeses argue that an express-purpose easement is limited to the purposes set forth in the grant, and that it may not be expanded beyond the purposes enumerated, citing *Kearney & Son v. Fancher*, 401 S.W.2d 897, 903 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n.r.e.), and *Coleman v. Forister*, 514 S.W.2d 899, 903 (Tex.1974), to support that proposition. That is inapplicable here, however, because there has been no expansion of the grant beyond that stated. The attendant public purposes of transportation of persons and property, communication, and travel are included within the State's right-of-way grant for roadway purposes. Further, the rights enumerated under a public use easement are identical whether the easement is gained by condemnation, dedication, prescription, or deed. *City of Houston v. Fox*, 429 S.W.2d 201, 203 (Tex.Civ.App.—Houston [1st Dist.] 1968), *rev'd on other grounds*, 444 S.W.2d 591 (Tex.1969). We overrule point of error two.

By their third point of error, the Grimeses claim that the trial court erred in denying their motion for summary judgment. They argue that the evidence established that they neither consented to the laying of this pipeline nor received compensation from the company when it took additional property rights from them. Therefore, they claim, they should be entitled to a judgment for either trespass damages or compensation for the taking as a matter of law.

Appellants cite the case of *Lo–Vaca Gathering Co. v. Missouri–Kansas–Texas R.R. Co.*[3], which interprets art. 1436, an article appellant argues is a companion to the statute at issue here, art. 1436b. Article 1436 gives a condemning authority the right to cross railroad right-of-ways in this State with utility lines, with the consent and under the direction of the local govern-

---

**3.** 476 S.W.2d 732 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.).

ing body.[4] The Austin Court of Appeals held that art. 1436 was an enabling statute, granting utility companies the right of eminent domain to lay their lines over railroad rights-of-way, but did not relieve these condemning authorities from paying just compensation to the railways.

In the *Lo–Vaca* case, the railroad, a private entity, was the owner of the right-of-way, having obtained an easement for its tracks. That case addresses the private easement owner's right to compensation for the condemnation of its property, its right-of-way. In this case, the owner of the right-of-way, the State, granted permission to the condemning authority to lay pipelines. The easement owner is not the party seeking compensation here. We find *Lo–Vaca* distinguishable from the facts in the case at issue.

Moreover, because the use of the easement for the public transportation of gas was included within the original easement grant for highway purposes, the right to transport gas was acquired by the State when it purchased the easement from the Grimeses' predecessor in title. Accordingly, we find that no trespass was committed when the pipeline was laid nor was property seized from the Grimeses without compensation. Point of error three is overruled.

By their first point, the Grimeses contend that the trial court erred in granting the summary judgment because a question of fact remains regarding whether art. 1436b, § 1 applies to the pipeline company. This statute allows i) any person, firm or corporation or incorporated city or town, ii) engaged in the business of transporting or distributing gas, iii) for public consumption, to lay pipelines for transporting gas under public streets. To support its summary judgment, the utility was required to prove as a matter of law each of the above three criteria. The issue is whether there is a factual dispute that the pipeline company is

engaged in transporting gas for public consumption.

The summary judgment evidence that bears on whether the company qualifies under art. 1436b § 1 is as follows. First, Kris Keeble, the company's Vice President, stated by affidavit that Corpus Christi Transmission Company, A General Partnership, and Corpus Christi Transmission Company, the corporation, are intrastate natural gas utilities as that term is defined by TEX.REV.CIV.STAT.ANN. arts. 1446e (Vernon 1980) and 6050 *et seq.* (Vernon 1962). He stated that the entities are in the business of supplying natural gas to various utilities, which is a public use. He also stated that the pipeline company is operated as a gas utility pursuant to the Cox Act, TEX. REV.CIV.STAT.ANN. art. 6050, *et seq.* (Vernon 1962), and the Public Regulatory Act, TEX. REV.CIV.STAT.ANN. art. 1446e (Vernon 1980).

The Grimeses asserted that this affidavit was invalid summary judgment evidence because Mr. Keeble made allegedly contradictory statements in a later deposition. In the deposition, the Grimeses' attorney asked Keeble, "[w]hat do you understand to be the requirement of Corpus Christi Transmission Company, the corporation, to devote its pipeline to a public use along a state highway right-of-way?" Keeble responded, "I don't profess to have an understanding. I would—I don't even know that I have an opinion. I don't know the law on the subject."

Whether a utility operates for a public use is a question of law. *Tenngasco Gas Gathering Co. v. Fischer,* 653 S.W.2d 469, 474 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Keeble's assertion in his affidavit that the pipeline company is a corporation which serves the public use is a legal conclusion. Therefore, that statement will be disregarded as summary judgment evidence. Consequently, it cannot be considered contradicted by Keeble's later deposition, during which he refused to make such a legal conclusion. The remainder of Keeble's general statements regard-

---

**4.** Article 1436b gives the condemning authority the right to use highway right-of-ways for the laying of pipelines.

ing whether the company is a gas utility are consistent throughout his affidavit and deposition and constitute proper summary judgment evidence.

The utility also included several permits to operate pipelines in Texas to support its motion for summary judgment. Corpus Christi Transmission Company was granted a permit on July 28, 1989, and was designated as a "gas utility" by the Railroad Commission of Texas.[5] Corpus Christi Transmission Company, A General Partnership, was granted a permit to lay gas lines on August 3, 1990. It, too, was designated as a gas utility. Furthermore, the Railroad Commission's Legal Division, after an application from the pipeline company for renewal and approval of a rate change, stated in its conclusions of law that the company "is an intrastate gas utility pursuant to TEX.REV.CIV.STAT.ANN. arts. 1446e and 6050 *et seq.*" Art. 6050 states that "every such gas utility is hereby declared to be affected with a *public interest* and subject to the jurisdiction, control and regulation of the Commission. . . ." TEX.REV.CIV.STAT.ANN. art. 6050 § 1(e) (Vernon 1962).

When it is designated as a utility under art. 6050, an entity submits itself to regulation. *Loesch v. Oasis Pipe Line Co.,* 665 S.W.2d 595, 598 (Tex.App.—Austin 1984, writ ref'd n.r.e.). As a result, ownership of a pipeline becomes a public use—regardless of whether it is available for public use. *Loesch,* 665 S.W.2d at 598. By showing that the pipeline company here submitted itself to the regulations of the Commission and is considered to be affected with a public interest, it proved that the company is operating for public use. *Loesch,* 665 S.W.2d at 598. The above permits and conclusions made by the Commission constitute evidence that the company complies with art. 1436b § 1 and its requirement that the entity transport gas for public consumption.

The pipeline company also included a list of clients for whom the general partnership transports natural gas to support its sum-

mary judgment motion. The list was offered to show that the partnership serves the public. The Grimeses, however, assert that a list of the Corpus Christi Transmission Co. General Partnership clients is not evidence that Corpus Christi Transmission Company, the *corporation,* serves the public. The corporation, the entity that laid the pipeline, serves as the managing partner of the partnership. The partnership's clients are necessarily the corporation's clients. This evidence may be further proof that the corporation served a public use and thus met the "public consumption" requirement of art. 1436b § 1 when it laid the pipeline at issue. Nonetheless, "the *character* of the right which inures to the public, not the extent to which the right is exercised" is the controlling factor in determining whether an entity serves the public. *Tenngasco,* 653 S.W.2d at 475.

We find that the pipeline company established by its summary judgment evidence that it operates for a public use. Therefore, the entity is covered by art. 1436b § 1. We overrule point of error one.

By cross point, appellee contends that it is entitled to payment of attorney's fees. However, the company failed to request attorney's fees in its motion for summary judgment and failed to attach to its motion any summary judgment evidence that it is so entitled to these fees. In this case, the pipeline company filed its motion for summary judgment two months *before* filing a counterclaim in which it sought attorney's fees for the first time. An affidavit in support of the request was filed with the counterclaim. The utility never amended its motion for summary judgment to include the request for attorney's fees. Instead, it directed the court, in its original motion, to view all pleadings on file in support of that original motion. Without amending the motion to plead a new cause of action for attorney's fees, mere pleadings regarding these fees filed after the

---

**5.** The permit issued for the gas line in the instant case was granted to the company on August 9, 1989.

original will not be considered to support the prior motion for summary judgment.

The proof necessary to grant attorney's fees in a summary judgment case must meet the same standards of proof required in other causes of action. *Bakery Equip. & Serv. Co. v. Aztec Equip. Co.,* 582 S.W.2d 870, 873 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Lindley v. Smith,* 524 S.W.2d 520, 524 (Tex.Civ.App.—Corpus Christi 1975, no writ). The pleadings themselves, though sworn, are not summary judgment evidence. *Lindley,* 524 S.W.2d at 524; *Bakery,* 582 S.W.2d at 873. Proof such as depositions, interrogatories, admissions, or affidavits must establish the basis for the fees. *Bakery,* 582 S.W.2d at 873. An attorney's affidavit regarding the reasonableness of legal fees is proper summary judgment evidence. *Gensco, Inc. v. Transformaciones Metalurgicias Especiales, S.A.,* 666 S.W.2d 549, 554 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd). Equally important, the summary judgment proof must be attached to the motion. *MBank Brenham v. Barrera,* 721 S.W.2d 840, 842 (Tex.1986); *Trimble v. Gulf Paint & Battery, Inc.,* 728 S.W.2d 887, 888 (Tex.App.—Houston [1st Dist.] 1987, no writ). Moreover, an affidavit which is attached to a pleading rather than to the motion for summary judgment does not constitute summary judgment evidence. *Sugarland Business Center, Ltd. v. Norman,* 624 S.W.2d 639, 642 (Tex.App.—Houston [14th Dist.] 1981, no writ).

Corpus Christi Transmission Company failed to present its request for attorney's fees in its motion for summary judgment. Furthermore, its responses and answers to the Grimeses' motion for summary judgment neglected to mention attorney's fees. Consequently, this relief was not before the trial court and cannot therefore be decided here. We overrule the cross point.

The judgment of the trial court is AFFIRMED.