11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Ray Warren, M.D. and Texas Medical Images, Inc.
            Appellants
Vs.                  No. 11-03-00346-CV -- Appeal from Harris County 
KPH-Consolidation, Inc. d/b/a Columbia Kingwood Medical Center
            Appellee
 
            Ray Warren, M.D. and Texas Medical Images, Inc. (Warren) appeal from the trial court’s order
granting the motion for summary judgment of KPH-Consolidation, Inc. d/b/a Columbia Kingwood
Medical Center (Kingwood). We affirm.
            On December 31, 1998, Warren entered into two lease agreements with Kingwood. In the
first agreement, a contract for the lease of rental property (the Lease), Warren agreed to pay
Kingwood rent in the amount of $3,379.57 per month. In the second agreement, a contract for the
lease of equipment (the Equipment Lease), Warren agreed to pay Kingwood rent in the amount of
$1,500.00 per month. Warren admitted failing to pay rent for the premises in December 1999 and
further admitted failing to make any rental payments for the equipment.
            On April 15, 2002, Kingwood sued Warren for breach of contract. On November 7, 2002,
Kingwood filed a motion for summary judgment as provided for in TEX.R.CIV.P. 166a(c). On
December 2, 2002, Warren filed an answer to Kingwood’s petition and alleged a counterclaim. 
Warren also filed a response to Kingwood’s motion for summary judgment. On January 10, 2003,
Kingwood responded to Warren’s counterclaim by filing a supplement to its motion for summary
judgment. Warren never filed a response to Kingwood’s supplement. 
            The court heard Kingwood’s motion for summary judgment on February 3, 2003, and granted
the motion on May 28, 2003. On June 26, 2003, Warren filed a motion for new trial. The court did
not enter an order on the motion for new trial, and it was overruled by operation of law. Warren
argues that the trial court erred in granting Kingwood’s motion for summary judgment and in denying
Warren’s motion for new trial. 
            Warren first argues that the motion for summary judgment was improperly granted because
there was a genuine issue of material fact concerning Kingwood’s breach-of-contract claim. We
disagree. To be entitled to summary judgment, the party moving for summary judgment carries the
burden of proving that no material fact issue exists and that the movant is entitled to judgment as a
matter of law. M.D. Anderson Hospital and Tumor Institute v. Willrich, 28 S.W.3d 22, 23
(Tex.2000); Johnson v. The City of Dublin, 46 S.W.3d 401, 406 (Tex.App. - Eastland 2001, pet’n
den’d). In order to determine if the trial court erred in granting the motion for summary judgment,
we must consider the summary judgment evidence in the light most favorable to the non-movant and
determine whether the movant proved that there were no genuine issues of material fact and that it
was entitled to judgment as a matter of law. Nixon v. Mr. Property Management Company, 690
S.W.2d 546 (Tex.1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671
(Tex.1979). The plaintiff, as movant, must conclusively prove its entitlement to prevail on each
element of the cause of action as a matter of law. Ortega-Carter v. American International
Adjustment Company, 834 S.W.2d 439, 441 (Tex.App. - Dallas 1992, writ den’d).  
            Kingwood met this burden by proving each element of its breach-of-contract action. There
is no dispute as to the existence of the contracts at issue. The Lease and the Equipment Lease contain
the signatures of both parties. In addition to copies of the contracts, Kingwood submitted the affidavit
of Patty Williams, its chief financial officer. In the affidavit, Williams stated that Kingwood fully
complied with the terms of the agreements and that Warren breached the agreements by failing to pay
rent. Williams also stated the specific amount of damages resulting from Warren’s breach.
            Warren provided no summary judgment evidence rebutting the statements in Williams’s
affidavit. Warren did attach an affidavit to the First Amended Verified Original Answer and
Counterclaim. However, an affidavit attached to a pleading is not summary judgment evidence. 
Grimes v. Corpus Christi Transmission Company, 829 S.W.2d 335, 339 (Tex.App. - Corpus Christi
1992, writ den’d). Furthermore, the statements made in Warren’s affidavit do not address
Kingwood’s breach-of-contract claim. Rather, the statements in Warren’s affidavit only address
Warren’s counterclaim allegations. The affidavit does not dispute the fact that Warren failed to pay
rent in December 1999, nor does it dispute the fact that Warren failed to make any payments under
the Equipment Lease. Kingwood’s motion for summary judgment is based on Warren’s failure to
make rental payments per the terms of the lease agreements. Because Warren admitted that it did not
make these payments, there is no genuine issue of material fact concerning Kingwood’s breach-of-contract claim. Issue No. 1 is overruled.
            Warren next argues that the motion for summary judgment was improperly granted because
there is “no evidence in the record to support a dismissal” of Warren’s counterclaim. We disagree. 
First, as we read the record in this case, the trial court did not dismiss Warren’s counterclaim. Rather,
the trial court held against Warren on the counterclaim. In Kingwood’s supplement to its motion for
summary judgment, it asked for summary judgment on Warren’s counterclaim. The trial court
granted that motion. Therefore, Warren’s counterclaim was not dismissed, it was adjudicated in
Kingwood’s favor. Warren’s argument that there was no evidence to support the dismissal is inappro-priate in this context. This issue is to be decided in accordance with traditional summary judgment
standards, not sufficiency of the evidence standards. Under traditional summary judgment standards,
when a plaintiff moves for summary judgment against a defendant’s counterclaim, the plaintiff must
either negate one or more of the essential elements of the defendant’s counterclaim or establish a
defense for the counterclaim as a matter of law. See Taylor v. GWR Operating Company, 820 S.W.2d
908, 910 (Tex. App. - Houston [1st Dist.] 1991, writ den’d). 
            Warren first alleged that Kingwood breached an Expense Sharing Agreement (the Agreement)
executed between the parties. Warren asserted that Kingwood owed Warren money under this
agreement. The Agreement, however, contains procedures whereby Warren was required to invoice
and to request payment from Kingwood. Kingwood had no obligation to make a payment to Warren
until it received “proper documentation of its pro rata share of the shared expenses.” Warren failed
to produce such documentation and was unable to specify the amount allegedly owed under the
Agreement. Warren also was unable to recall whether such documentation was ever sent to
Kingwood and, if so, when it was sent. Without proper documentation, Kingwood does not owe
Warren a payment under the Agreement. Without evidence of the amount allegedly owed, Warren
cannot specify damages. Summary judgment on Warren’s breach-of-contract allegation was therefore
appropriate. 
            Warren next alleged in the counterclaim that the equipment provided by Kingwood was not
of “the kind, quality, and character called for in the contract”; was not “commercially suitable”; was
not “acceptable”; and was not “in accordance with the market standard for such equipment.” These
allegations constitute a separate breach-of-warranty claim, although the pleadings do not refer to them
as such. This claim also fails as a matter of law. The Equipment Lease, which was signed by
Warren, included an “as is” clause, which effectively disclaimed the alleged warranties. See TEX.
BUS. & COM. CODE ANN. § 2.316(c) (Vernon 1994). The Equipment Lease also required the
lessee to inspect each item of equipment and immediately notify the lessor in writing of any
discrepancies in quality. Warren admitted in the deposition that there was no written objection to the
quality of the equipment pursuant to the terms of the Equipment Lease. Warren’s acceptance of the
equipment “as is,” without written objection per the terms of the lease, negates Warren’s breach-of-warranty allegations. Summary judgment on Warren’s breach-of-warranty allegations was therefore
appropriate. Issue No. 2 is overruled.
            Kingwood established that it was entitled to judgment as a matter of law on its breach-of-contract claim and Warren’s counterclaim, and therefore the trial court properly granted the motion
for summary judgment. 
            Finally, Warren argues that the trial court erred in denying the motion for new trial. Warren
asserts that, because Kingwood’s motion for summary judgment was improperly granted, Warren’s
motion for new trial was improperly denied. We disagree. First, as we have held, it was proper for
the trial court to grant the motion for summary judgment. Furthermore, a motion for new trial is
addressed to the trial court’s discretion, and the court’s ruling will not be disturbed on appeal in the
absence of a showing of an abuse of discretion. Director, State Employees Workers’ Compensation
Division v. Evans, 889 S.W.2d 266, 268 (Tex.1994). Warren has made no such showing. Issue No.
3 is overruled.
            The judgment of the trial court is affirmed. 
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
March 3, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.